# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.*

    *Respondents.*

2:07-cv-00821-KJD-GWF

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's motion (#14) for rehearing, motion (#21) for a certificate of appealability, second motion (#22) for rehearing, motion (#23) for leave to amend, and motion (#24) to limit the respondents' response time. The motions for rehearing were mailed for filing within ten days of entry of judgment, and the motions therefore arise under Rule 59 of the Federal Rules of Civil Procedure.

Out of an abundance of caution, the Court will grant the motions (## 14 & 22) for rehearing, vacate the judgment of dismissal, reopen the matter, and grant the motion (#23) for leave to file an amended petition. The Court's prior holding as to the petitioner's failure to follow Local Rule LSR 3-2 stands, however.

Following upon the grant of rehearing, the Court will deny the motion (#21) for a certificate of appealability as moot.

The Court further will deny the motion (#24) to limit the respondents' response time.

Petitioner seeks to have the respondents' response time limited to the three-day period set forth in 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases instead provides, however, that the district court shall order a response "within a fixed time." It is long-established law that the subsequently-adopted provision in Habeas Rule 4 supercedes and overrides the prior enactment in § 2243 with regard to the time allowed for a response in habeas proceedings challenging a state conviction. *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985). Under Habeas Rule 4, the district court has the discretion to take into account various factors such as the respondents' workload and the availability of transcripts before determining a time within which a response must be made. *Id.* Taking into account the ongoing workload of the Nevada Attorney General in the numerous habeas matters pending before the Court and the time ordinarily required to obtain and review related state court records and transcripts, the Court is not persuaded that it would be appropriate, much less fair or prudent, to limit respondents' response time in this matter to three days.

Petitioner urges, however, that the respondents previously responded to his claims on his prior federal habeas petition in 2:05-cv-01418-ECR-LRL. He further has suggested herein that he should receive an expedited and immediate ruling on his claims, particularly the claim now set forth as Ground 1 in the amended complaint, because there allegedly is no question that he is being held illegally and in violation of the Constitution.

The prior action 2:05-cv-01418-ECR-LRL was filed during the pendency of the petitioner's state court direct appeal and accordingly was dismissed without prejudice as premature. Any discussion of the merits by the respondents and the Court therein does not provide a basis for limiting the time of the respondents to respond to allegedly exhausted claims on a full and adequate record.

Nor has petitioner established a basis for immediate grant of federal habeas relief without allowing adequate time for the respondents to prepare and file a response.

In Ground 1 of the amended petition, petitioner alleges that he was denied due process in violation of, *inter alia*, the Fourteenth Amendment when he was forced to appear in restraints and jailhouse attire when he voluntarily elected to appear before a state grand jury.

The Supreme Court of Nevada rejected an at least related due process claim because petitioner was not compelled to testify before the grand jury, the grand jury was not deciding his guilt or innocence, and the actions taken by the State were justified by the State's interest in maintaining petitioner in custody.[1]

It does not appear from the face of the pleadings in this matter that petitioner unquestionably can demonstrate that the Nevada Supreme Court's rejection of this claim was either contrary to or an objectively unreasonable application of clearly established federal law as established by decisions of the United States Supreme Court.

The cases relied upon by petitioner regarding physical restraints and jailhouse attire concern appearances at trial, not before a grand jury. The distinction potentially is a significant one. Longstanding United States Supreme Court precedent establishes that the right to presentation of a criminal case to a grand jury in federal criminal proceedings under the Fifth Amendment does not extend to the States through the Fourteenth Amendment. *See Hurtado v. California*, 110 U.S. 516, 538, 4 S.Ct. 111, 28 L.Ed. 232 (1994); *accord Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S.Ct. 2348, 2356 n.3, 147 L.Ed.2d 435 (2000); *id.*, 530 U.S. at 499, 120 S.Ct. at 2368 (Thomas, J., concurring). In *Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), hearkening back to *Hurtado*, the Supreme Court noted that there was an unresolved question as to whether the Due Process Clause of the Fourteenth Amendment "requires the State, having once resorted to a grand jury procedure, to furnish an unbiased grand jury." 369 U.S. at 545-46, 82 S.Ct. at 957-58. The Supreme Court did not resolve this issue in *Beck*, stating that "it is not necessary for us to determine this question" and stating that it was "a question upon which we do not remotely intimate any view." *Id.* In the forty-five years since *Beck*, it does not appear that the Supreme Court has resolved the unresolved issue. It does not appear that there is any Supreme Court decision holding that an error allegedly denying a defendant an unbiased and impartial state grand jury

---

[1] A copy of the state high court's opinion was submitted with the original petition. Nothing herein constitutes an express or implied determination by the Court that the federal claims are exhausted as presented in the amended petition.

gives rise to a federal due process violation. On the face of the pleadings, it therefore is subject to substantial question whether petitioner will be able to carry his burden under 28 U.S.C. § 2254(d)(1). At the very least, petitioner has not persuaded the Court that he is entitled to grant of a writ of habeas corpus without allowing the respondents a meaningful and adequate opportunity to respond, after furnishing the Court with the relevant record.[2]

In Ground 2 of the amended petition, petitioner alleges that the bank documents introduced in support of his conviction were obtained in violation of various federal and state laws. The Nevada Supreme Court appears to have rejected this claim because petitioner's pretrial state habeas petition was untimely and deficient in other procedural particulars. The state high court's basis for dismissal accordingly raises the substantial possibility that Ground 2 is barred by procedural default. In all events, the claim, as presented, does not establish petitioner's right to relief on the face of the pleadings without resort to the underlying state court record and with only a truncated opportunity for the State to respond.

In Ground 3 of the amended petition, petitioner alleges that the evidence presented at trial was insufficient to support his conviction. Obviously, this claim must be addressed with resort to the underlying state court record, following a response from the State.

The petitioner's motion seeking to limit the respondents' response time accordingly will be denied.

IT THEREFORE IS ORDERED that petitioner's motion (#14) for rehearing and second motion (#22) for rehearing both are GRANTED, that the order and judgment of dismissal without prejudice (## 9 & 10) are VACATED, and that this matter is REOPENED.

IT FURTHER IS ORDERED that the petitioner's motion (#21) for a certificate of appealability accordingly is DENIED as moot. The Clerk of Court shall clearly note this

---

[2]See also United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)(in federal criminal proceeding, error in allowing two law enforcement agents to testify in tandem before grand jury, in violation of Fed. R. Crim. Pro. 6(d) was rendered harmless by subsequent conviction by petit jury at trial). Petitioner's reliance upon equal protection cases that invalidate convictions due to racial and/or gender discrimination in grand jury selection is misplaced. The present claim arises under the due process clause, not the equal protection clause. See also Beck, 369 U.S. at 554-55, 82 S.Ct. at 962-63 (rejecting attempt to recharacterize violation of state grand jury procedures as an equal protection claim).

1  disposition of the motion for a certificate of appealability in the docket entry, and shall send
2  a supplemental transmittal to the Court of Appeals, so that the action of the Court on the
3  motion will be readily apparent for the Court of Appeals on the face of the docket sheet
4      IT FURTHER IS ORDERED that the motion (#23) for leave to amend is GRANTED,
5  and the Clerk of Court shall file and docket the amended petition submitted with #23.
6      IT FURTHER IS ORDERED that the motion (#24) to limit the respondents' response
7  time is DENIED.
8      IT FURTHER IS ORDERED that the Clerk of Court shall serve respondents by sending
9  a copy of the amended petition and this order by certified mail to the Office of the Attorney
10 General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717.  In addition,
11 the Clerk shall return to petitioner a copy of his amended petition.
12     IT FURTHER IS ORDERED that respondents shall have forty-five (45) days from entry
13 of this order within which to answer, or otherwise respond to, the petition, including by motion
14 to dismiss.  If an answer is filed, respondents shall comply with Rule 5 of the Rules Governing
15 Section 2254 Cases.  **In the Notice of Appearance filed by respondents' counsel,**
16 **counsel shall expressly acknowledge that counsel has read this order in its entirety**.
17     IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of
18 the answer, motion to dismiss, or other response to file a reply or opposition.
19     IT FURTHER IS ORDERED that henceforth, petitioner shall serve upon respondents
20 or, if appearance has been entered by counsel, upon the attorney(s), a copy of every
21 pleading, motion or other document submitted for consideration by the Court, and he shall
22 include a certificate of such service with each paper submitted to the Court.
23     DATED:  October 9, 2007.

                                        _____
                                        KENT J. DAWSON
                                        United States District Judge