# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

 *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.,*

 *Respondents*.

2:07-cv-00821-KJD-RJJ

ORDER

  This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#83) for a certificate of appealability (COA). Petitioner seeks to appeal the dismissal of the claims in the petition on the merits and/or on sundry procedural defenses.

  Under 28 U.S.C. § 2253(c), when the district court has denied a habeas claim on the merits, the petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim

of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

In the present case, reasonable jurists would not find the denial of relief on petitioner's claims to be debatable or wrong.

Petitioner Percy Lavae Bacon sought to set aside his 2005 Nevada state conviction, pursuant to a jury verdict, on a total of fifteen charges, including five felony counts each of burglary, forgery, and theft. According to the evidence presented by the State at trial, the charges arose from a series of transactions in which Bacon drained a total of $17,950.00 from the bank accounts of two elderly twin sisters, one of whom was incapacitated in a nursing home at the relevant time. Bacon elected to represent himself at trial.

***Ground 1: Grand Jury Appearance in Restraints and Jailhouse Attire***

In Ground 1 of the amended petition, petitioner alleged that he was denied due process in violation of, *inter alia*, the Fourteenth Amendment when the State had him in restraints and jailhouse attire when he voluntarily appeared before a state grand jury.

Reasonable jurists would not find the denial of relief on this claim to be debatable or wrong.

The Supreme Court of Nevada rejected this claim on the merits, holding that petitioner was not denied due process when he appeared before the state grand jury in restraints and jailhouse attire. While petitioner's claim would be a debatable one on *de novo* review, the state supreme court's rejection of the claim instead was subject to deferential review under the AEDPA. Petitioner relied upon United States Supreme Court cases holding that it generally is a violation of due process to compel a defendant to stand trial in physical restraints and jailhouse attire. None of these cases, however, concerned an appearance

1 before a grand jury rather than at trial. The distinction is a significant one. The right to a
2 grand jury presentation does not apply to the States, and the United States Supreme Court
3 has expressly left open the question of whether the Fourteenth Amendment imposes a
4 requirement upon the states that provide a grand jury to provide an unbiased grand jury.
5 Even more to the point, no Supreme Court authority holds that a state denies a defendant due
6 process when it has him appear in restraints and jailhouse attire during a voluntary
7 appearance before a grand jury. Petitioner cited no apposite Supreme Court authority holding
8 that due process prohibits a state from producing an incarcerated defendant in restraints and
9 jailhouse attire for a voluntary grand jury appearance. See #80, at 3-5 & n.2.

10      In the absence of apposite Supreme Court authority addressing restraints and
11 jailhouse attire in the context of state grand jury proceedings, petitioner clearly failed to carry
12 his burden under the AEDPA. He was required to demonstrate that the state supreme court's
13 rejection of the claim was either contrary to or an objectively unreasonable application of
14 clearly established federal law as determined by the United States Supreme Court. Clearly
15 established federal law for purposes of review under the AEDPA refers to the holdings, as
16 opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state
17 court decision. *See,e.g., Carey v. Musladin*, 549 U.S. 70, 74, 127 S.Ct. 649, 653, 166
18 L.Ed.2d 482 (2006).

19      Petitioner's reliance upon equal protection cases that invalidate convictions due to
20 racial and/or gender discrimination in grand jury selection is misplaced. The present claim
21 arises under the due process clause and has nothing to do with equal protection principles.
22 See #80, at 5 n.2.

23      Jurists of reason accordingly would not find this Court's rejection of Ground 1 under
24 the governing AEDPA standard of review to be either debatable or wrong.

25      ***Ground 2: Alleged Banking Law Violations***

26      In Ground 2 of the amended petition, petitioner alleged that he was denied unspecified
27 constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments because the
28 bank documents that were used against him allegedly were obtained in violation of

unspecified provisions of the Bank Secrecy Act, the Right to Financial Privacy Act, and a Nevada state banking law provision. He urged that the release of the bank documents to the police was done without authorization of "the" account holder, Helen Webster. He further alleged that the bank investigator manufactured an affidavit of claimant form in order for the bank to comply with a requirement of existing legal process for release of the documents.

At the outset, the majority of the legal theories presented in federal Ground 2 were not exhausted. The exhausted portion of the claim was procedurally defaulted. See #80, at 6-8.

The claims in any event were wholly without merit on *de novo* review, for multiple independently valid reasons. See #80, at 8-11.

Jurists of reason accordingly would not find this Court's rejection of Ground 2 to be either debatable or wrong.

### *Ground 3: Sufficiency of the Evidence*

In Ground 3 of the amended petition, petitioner challenged, *inter alia*, the sufficiency of the evidence supporting his conviction on the multiple counts of burglary, forgery, and theft. The Supreme Court of Nevada rejected this claim on the merits. This Court reviewed the evidence and petitioner's arguments at length and concluded that petitioner's arguments were without merit. Indeed, in reviewing the arguments in the alternative under a *de novo* standard of review, the Court concluded that "[p]etitioner's arguments, at bottom, are nothing more than confused and convoluted 'jailhouse logic' arguments without any arguable merit." See #80, at 11-21 & n.37. While the Court discussed the evidence at length in the course of conclusively demonstrating in detail why the petitioner's arguments had no merit, the Court's extended discussion does not signify that petitioner presents any COA-worthy issue for appeal.

Jurists of reason accordingly would not find this Court's rejection of Ground 3 to be either debatable or wrong.

The petitioner's supplement (#86) to his application for a certificate of appealability will be stricken. Local Rule LR 7-2 authorizes the filing of supporting points and authorities, opposition points and authorities, and reply points and authorities within certain deadlines.

1 Petitioner filed the supplement without obtaining leave of court more than two months after
2 the briefing on the COA application was closed.  The supplement seeks to further rehash
3 petitioner's arguments on the application, and it is not permitted absent leave of court first
4 obtained.

5      IT THEREFORE IS ORDERED that petitioner's application (#83) for a certificate of
6 appealability (COA) is DENIED.[1]

7      IT FURTHER IS ORDERED that petitioner's supplement (#86) to his application for a
8 certificate of appealability is STRICKEN as noncompliant with the Court's local rules.

9      The matter is postured for processing and transmittal of the appeal to the Court of
10 Appeals.

11      DATED:  May 22, 2009

_____
KENT J. DAWSON
United States District Judge

---

[1] To the extent that petitioner seeks to present new factual allegations and new legal claims in his arguments on the COA application that were not presented in his amended petition, he may not raise such matters after judgment for the first time in connection with an appeal. See also #80 at 5-6 n.2. Petitioner makes additional factual assertions seeking to establish one of the victim's competency that appear to go beyond the evidence in the trial record. See,e.g., #83, at 25-26.