# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.,*

    *Respondents*.

2:07-cv-00821-KJD-RJJ

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#103) for relief from judgment pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure.

## *Background*

The Court denied the petition in this matter on the merits in an order and judgment entered on January 27, 2009. After petitioner appealed, both this Court and the Court of Appeals denied a certificate of appealability (COA).

In denying a COA on June 30, 2010, in No. 09-16262, the Court of Appeals expressly denied petitioner's request to revive claims abandoned in the district court. The Ninth Circuit informed petitioner that if he wished to pursue a successive petition, he first must move in the Court of Appeals for an order authorizing the district court to consider the petition, under the appropriate standard for same. See #102.

Petitioner thereafter filed an application to file a successive petition under Ninth Circuit No. 10-72543. The Court of Appeals denied the application on October 15, 2010.

### *Discussion*

To the extent that petitioner seeks relief under Rule 60(b)(3), the motion is untimely because it was mailed for filing more than one year after entry of judgment. See Fed.R.Civ.Pro. 60(c)(1).

The motion further constitutes a successive petition. In a habeas case, when a Rule 60(b) motion seeks to vacate a federal court's prior denial of a habeas claim on the merits, the Rule 60(b) motion constitutes a successive petition. *E.g., Gonzales v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005). Petitioner may not proceed in the first instance in the district court on a successive petition, and he instead first must seek permission from the Court of Appeals pursuant to 28 U.S.C. § 2244(b) to proceed on such a petition.

As noted above, petitioner in fact has sought permission from the Court of Appeals to pursue a successive petition, and the Court of Appeals has denied such permission. That is the end of the matter.

The motion in any event is frivolous.

*First*, petitioner appears to argue that the Court engaged in fraud, misrepresentation and/or misconduct when the Court directed a response on the second amended petition and/or adjudicated the merits without determining whether the pleading had "deficiencies" and without fulfilling an obligation to ensure that petitioner had presented all of his claims. Apparently, petitioner contends that a petition is "deficient" if it does not include all of the petitioner's potential claims, that the district court has an obligation to screen for this "deficiency" during initial review, and that the district court then must encourage the petitioner to pursue all potentially available claims. Petitioner maintains that the Court "coerced" him into proceeding on the second amended petition, which included only three grounds.

As backdrop, petitioner filed a motion for leave to amend the petition approximately a month after the original petition was filed and before a screening order had been issued on the original petition. The Court noted that leave to amend was not required to file the amended pleading but granted the motion out of an abundance of caution. #9, at 1.

1  On screening review, the Court entered the following order on September 7, 2007, at
2  a time when the federal one-year limitation period had not yet expired:

> The motion (#2) for leave seeks leave of court to "draft single grounds from the multiple issues located in the single claims" presented on the state direct appeal. The motion for leave will be denied as unnecessary. In the main, the matter of how petitioner divides his claims is for him to decide. The Court will not give its sanction or approval to the manner in which petitioner chooses to divide his claims by granting a motion for leave. Petitioner should note, however, that if any claims presented in federal court were not fairly presented to the Supreme Court of Nevada and exhausted, the entire federal petition will be subject to dismissal unless all unexhausted claims are dismissed or other appropriate relief is sought.
>
> Turning to initial review of the amended petition, Local Rule LSR 3-2 requires that a petition for a writ of habeas corpus filed by a person who is not represented by an attorney be filed on the form provided by this Court. In the present case, the petitioner used the first two pages of the Court's required form as a cover page, interspersed occasional pages from the Court's form, and used the signature page; but he otherwise did not use the Court's form. The amended petition instead consists of a rambling sixteen-claim handwritten petition interspersed with multiple exhibits, including copies of documentary evidence from the petitioner's trial. Petitioner may insert extra pages within the Court's petition form to state additional facts supporting his claims, and he may attach exhibits at the end of his petition, after the signature page, supporting his claims. But he may not do as he has done in the present case and submit an approximately one hundred page jumble of claims and exhibits without in truth using the Court's required form.
>
> In light of the substantial deficiency in the amended petition, which also was present in the original petition, and the failure to follow Local Rule LSR 3-2, the petition, as amended, will be dismissed without prejudice. The Court notes that the decision of the Supreme Court of Nevada affirming the conviction on direct appeal was filed on April 6, 2007. Petitioner is informed that a one-year limitation period applies to the filing of a federal habeas petition under 28 U.S.C. § 2244(d)(1).

#9, at 1-2.

Petitioner appealed and filed a motion for reconsideration within the time limits for a Rule 59 motion together with a motion to file a second amended petition. The second amended petition was filed on the proper form and set forth three grounds for relief. This Court granted the motion for reconsideration, vacated the dismissal, and granted petitioner leave to file the second amended petition. See #25.

1     The cases cited by petitioner in the present motion do not establish that a district court
2 errs when it serves and adjudicates an amended or original petition without first seeking to
3 determine whether the petitioner has presented all potential claims that he conceivably might
4 present. The cases cited are inapposite. Intervening United States Supreme Court authority
5 in any event clearly establishes that the district court is not required to advise a petitioner as
6 to how to pursue his petition:

> . . . . District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out"). Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course. Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers. . . .

*Pliler v. Ford*, 542 U.S. 225, 2321, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004).

    This Court adjudicates properly presented claims presented by litigants. It is not the role of the Court to determine whether a litigant has presented all of the potential claims that he conceivably might present and/or to advise a litigant as to how to proceed with regard to what claims to present.[1]

    The Court notes in this regard that petitioner sought expedited consideration of his claims from the very outset, prior to the completion of his pending state post-conviction proceedings. Petitioner even sought to dismiss a potentially exhausted ground in order to

---

[1] *Cf. Pliler*, 542 U.S. at 232, 124 S.Ct. at 2446 ("Specifically, the first warning [at issue in *Pliler*] could encourage the use of stay-and-abeyance when it is not in the petitioner's best interest to pursue such a course. This could be the case, for example, where the petitioner's unexhausted claims are particularly weak and petitioner would therefore be better off proceeding only with his exhausted claims. And it is certainly the case that not every litigant seeks to maximize judicial process.").

have his petition adjudicated more quickly. When the Court denied this request, it informed petitioner as to the choice presented:

> In the motion (#44) to withdraw claim three, petitioner seeks to withdraw Ground 3 of the amended petition (#26). He does so on the premise that the withdrawal of Ground 3 will render the extension of time granted to respondents to respond to the amended petition moot, such that the respondents' response time thereby will be reduced to fifteen days. If the petitioner wishes to withdraw Ground 3, he may do so by, *e.g.,* filing a second amended petition that does not include the claim. The Court informs petitioner, however, that the withdrawal of Ground 3 likely will not lead to the Court shortening the time for the respondents to file a response. The Court's written reasons for denying petitioner's prior requests to shorten the respondents' response time were not limited to reasons concerning only Ground 3. See #25, at 2-4. The Court further makes no express or implied suggestion herein that petitioner may be able to then later pursue Ground 3 again in this or a later petition after dismissing the claim. A claim that is dismissed and then pursued again at a later time potentially may be subject to dismissal, *e.g.*, as successive and/or as time-barred. The present motion accordingly will be denied without prejudice.

#50, at 2.

At approximately the same time, respondents moved to dismiss on the basis that the amended petition, even if *arguendo* exhausted, was premature prior to the completion of the state post-conviction proceedings.

The Court's order denying the opposed motion to dismiss under established law again clearly spelled out the procedural choice that was before petitioner:

> Turning to the respondents' motion (#40) to dismiss, respondents urge that the present petition is subject to dismissal as premature because there currently is a state *post-conviction* appeal pending in petitioner's case. The two cases relied upon by the respondents, however, both concerned the situation where a petitioner seeks federal habeas relief during the pendency of the direct appeal in the original state criminal proceedings, not a post-conviction appeal. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Daniels v. Nelson*, 415 F.2d 323 (9th Cir. 1969). There is no jurisprudential or statutory law setting forth a rule that a federal habeas petition is subject to dismissal as premature if filed during the pendency of state post-conviction proceedings. If the claims in the federal petition are not exhausted, then that is a matter to be addressed under the rules regarding exhaustion of claims. If, on the other hand, the claims in the federal petition are exhausted, then there is no basis for dismissal of the federal petition as premature merely because state post-conviction

> proceedings also are pending. However, a petitioner in that situation runs the substantial risk that a later federal petition seeking to raise the claims in the state post-conviction proceedings after exhaustion of those claims will be dismissed, *e.g.*, as successive or possibly as time-barred. Whether to seek federal habeas relief without waiting for the conclusion of the state post-conviction proceedings and to thereby run that risk is a matter for the petitioner in that situation to determine. The motion to dismiss will be denied.

#50, at 2-3 (emphasis in original).

Petitioner was not "coerced" into abandoning or not pursuing claims through judicial misconduct. He instead made a clear procedural choice to seek expedited consideration of a limited number of claims rather than to also pursue additional claims.

*Second*, petitioner urges that bias is presumed because the victims of petitioner's theft banked at Bank of America, which he maintains has a strong influence on judges because it allegedly is the largest Nevada financial institution. This argument is wholly frivolous.

*Third*, petitioner appears to argue that this Court did not have jurisdiction to grant his motion for reconsideration in September 2007 because he had filed an appeal. The motion for reconsideration was filed within the time period for seeking relief under Rule 59, however, and the Court therefore had jurisdiction over the motion. A district court does not have jurisdiction over a *Rule 60(b)* motion filed during the pendency of an appeal.

*Finally*, petitioner maintains conclusorily that he can establish actual innocence. The trial record included ample evidence of petitioner's guilt on multiple counts of burglary, forgery and theft based upon his cashing checks drawn on the accounts of two elderly women. See #80, at 11-21. Petitioner in any event must pursue such an argument in connection with an application for authorization to pursue a second or successive petition. As noted previously herein, the Ninth Circuit has denied petitioner's application to do so.

IT THEREFORE IS ORDERED that the motion (#103) is DENIED.

DATED: November 2, 2010

_____
KENT J. DAWSON
United States District Judge