# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.,*

    *Respondents*.

2:07-cv-00821-KJD-RJJ

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court following upon a filing by petitioner that has been docketed as a motion (#107) for judicial notice.

    The Court dismissed this action with prejudice on the merits on January 27, 2009. Both this Court and the Court of Appeals denied a certificate of appealability, and the United States Supreme Court has denied *certiorari* review. This Court has denied two motions seeking to vacate the judgment of dismissal, on, *inter alia*, the ground that each post-judgment motion constituted a successive petition as to which petitioner first must obtain permission from the Court of Appeals to pursue. The Ninth Circuit has denied petitioner's application to file a second or successive petition. See procedural history summary in #106, at 1.

    The present filing purports to be a "judicial notice" pursuant to Rule 201 of the Federal Rules of Civil Procedure. In the filing, petitioner seeks to rehash his arguments regarding the legal correctness of this Court's order and judgment of dismissal on the merits. He urges that the Court committed legal error and that the Court is biased because the elderly victims of

petitioner's multiple burglary, forgery and theft offenses banked with Bank of America, apparently on the premise that a federal judge necessarily is beholden to a large bank.

Petitioner does not understand what judicial notice is. Although inmates frequently file "judicial notices" in the erroneous belief that such a paper has legal effect, there in truth is no valid paper with any effect that is unilaterally filed by a litigant that properly is called a "judicial notice." Rule 201 of the Federal Rules of Evidence instead provides that a court may take judicial notice of adjudicative facts. Petitioner thus has filed a fugitive, nonsensical document.

To the extent, *arguendo*, that the filing should be construed as a now third post-judgment motion seeking to vacate the prior dismissal on the merits, the motion constitutes a successive petition. Petitioner may not proceed on a successive petition without permission from the Court of Appeals, and the Ninth Circuit has denied such permission. See #106, at 1-2 & 6.

Petitioner has been denied relief at all levels. He has been told now for a third time that he may not seek post-judgment relief herein without obtaining permission from the Court of Appeals to pursue a second or successive petition. Such permission has been denied by the Ninth Circuit. Continued filings in this closed habeas case serve no proper purpose and merely constitute harassing and vexatious filings by a disappointed litigant.

The Court places petitioner on notice that if he files any further vexatious papers in this matter, other than a notice of appeal from this order, he will be directed to show cause in writing why sanctions should not be imposed under Rule 11(b)(1) of the Federal Rules of Civil Procedure, including imposition of substantial monetary sanctions to be drawn in installments from his inmate account against any present or future balance and referral to correctional authorities for consideration of imposition of sanctions for institutional major violation MJ48 and/or forfeiture of sentence credits under N.R.S. 209.451.[1]

---

[1] Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

IT THEREFORE IS ORDERED that the filing docketed as a motion (#107) for judicial notice is DENIED.

This action has been and remains closed.  Any further vexatious filings herein will result in petitioner being directed to show cause why sanctions should not be imposed under Rule 11(b)(1), along with a referral to correctional authorities for possible imposition of disciplinary and/or statutory sanctions.[2]

DATED: November 4, 2010

_____
KENT J. DAWSON
United States District Judge

---

[2] The Court notes in this regard that the Supreme Court of Nevada affirmed an order of the Nevada Eighth Judicial Court declaring petitioner a vexatious litigant following upon his repetitive filing of multiple meritless frivolous and harassing civil rights actions seeking to overturn his conviction. *See Bacon v. Laswell*, 2008 WL 6124708, 238 P.3d 794 (Dec. 3, 2008)(table). In a subsequent December 4, 2009, order in yet another proceeding, the Supreme Court of Nevada catalogued a total of eighteen prior state proceedings in which petitioner had presented substantially similar claims challenging his conviction. Due to his "continuous stream of filings [constituting] an abuse of judicial process," the state supreme court referred the matter to the Nevada Department of Corrections for consideration of forfeiture of credits against his sentence. See copy of order filed with #4 in 2:09-cv-02243-PMP-LRL.

Petitioner is demonstrating similar vexatious litigation conduct in the present matter. Such conduct will not be tolerated and potentially will result in imposition of substantial sanctions.