# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.,*

    *Respondents*.

2:07-cv-00821-KJD-RJJ

ORDER

This long-closed habeas matter under 28 U.S.C. § 2254 comes before the Court on thirteen largely repetitive motions filed by the petitioner over an eight-month period. These thirteen motions include: (a) six motions (## 121, 124, 129, 133, 140, and 141) seeking to reopen the matter; (b) four motions (## 120, 126, 128 and 132) seeking appointment of counsel; (c) two motions (## 125 and 130) seeking an increase in petitioner's prison copy credit limit; and (d) one motion (#143) for leave to file a judicial notice regarding a Ninth Circuit decision. These filings docketed as motions are in addition to five further purported judicial notices, affidavits, or supplemental pleadings filed seeking the same relief that is sought in the repetitively filed motions. See ## 127, 131, 137, 138, and 139.

### *Background*

The Court denied the petition on the merits on January 27, 2009, and the Court of Appeals denied a certificate of appealability. The current batch of motions to reopen reflects petitioner's now fifth effort over the past approximately five years seeking in one form or another to set aside the long since final dismissal. See ## 90, 103, 107 & 109. The Court has rejected each prior effort, and the Court of Appeals has denied all relief on review.

This Court has advised petitioner multiple times that a post-judgment motion seeking to set aside a prior denial of a habeas petition on the merits constitutes a successive petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), requiring that he obtain permission from the Court of Appeals to pursue further relief. See #99, at 2; #106, at 2. The Court also has been called upon to deny petitioner's effort to pursue a successive petition in a separate action. See No. 2:09-cv-02243-PMP-LRL. In that action, the Court additionally denied yet another frivolous post-judgment motion seeking to overturn that disposition.

The Court of Appeals further has denied applications by petitioner to pursue a successive petition on at least three occasions over the years, in Nos. 10-72543, 11-70339, and 11-80155. In the most recent proceeding, in No. 11-80155, petitioner sought permission to pursue a successive petition based upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The Ninth Circuit denied petitioner's application premised upon *Martinez*.

Undeterred, petitioner now literally has barraged this Court with multiple substantially repetitive motions and other filings seeking to reopen the matter under *Martinez*. This follows upon: (a) petitioner repeatedly having been told that he must pursue relief challenging the prior dismissal on the merits instead in the Court of Appeals on an application for permission to pursue a successive petition; (b) the Court of Appeals having denied multiple such applications; and (c) the Court of Appeals having denied such an application specifically premised upon *Martinez*.

### *Motions to Reopen*

Respondents suggest that *Lopez v. Ryan*, 678 F.3d 1131 (9th Cir. 2012), sets forth factors to be considered as to whether "a closed habeas case" should be reopened based upon *Martinez*.

*Lopez* addresses a situation where the prior dismissal was of a claim of *ineffective assistance of counsel* and that dismissal was *on the basis of a procedural default*.

*This* case was dismissed *on the merits*, and only *substantive* claims were raised.

*Lopez* has nothing to do with this case. The controlling rule applicable to *this* situation instead is stated in the Supreme Court's decision in *Gonzalez.* Under that binding precedent,

a post-judgment motion seeking to set aside a prior denial of a habeas petition on the merits constitutes a successive petition. That holding remains applicable regardless of the underlying basis upon which the petitioner seeks to reopen the prior adjudication on the merits. The Ninth Circuit consequently has flatly rejected the notion that *Martinez* in any sense undercuts the established rule in *Gonzalez* with regard to a prior denial on the merits. *See Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir.), *cert. denied*, 134 S.Ct. 503 (2013). In this case, the prior petition was denied on the merits; a post-judgment motion seeking to reopen that denial is a successive petition; and petitioner thus must obtain authorization from the Court of Appeals to pursue the successive petition.

Petitioner urges, *inter alia*, that "the motion to re-open does not require the Ninth Circuit to grant permission for there is no subsequent petition and the right to supplement is not barred by any statute [or] rules." The motions to reopen constitute subsequent successive petitions under *Gonzalez*; and 28 U.S.C. § 2244(b)(3)(A) is the statute that bars petitioner's supplementation of his long since adjudicated prior petition, absent permission from the Court of Appeals.

The motion to reopen therefore will be denied.[1]

---

[1] When petitioner sought permission from the Ninth Circuit to pursue a successive petition based upon *Martinez* in No. 11-80155, the Court of Appeals denied the application, citing to *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012). The Ninth Circuit held in *Buenrostro* that *Martinez* did not establish a new rule of constitutional law and thus did not provide a basis for hearing a successive § 2255 motion under § 2255(h)(2), which correlates closely to the corresponding rule in § 2244(b)(2)(A) for a § 2254 petition. Petitioner thus is pursuing a successive motion to reopen in this matter based upon *Martinez* knowing full well that the Ninth Circuit already has denied his effort to pursue a successive petition premised upon *Martinez*.

The amended petition was denied on January 27, 2009, on the merits without any claims of alleged ineffective assistance of trial or appellate counsel being asserted, much less being held to be procedurally defaulted, which is what the *Martinez* decision would concern. The only reference to procedural default in the prior order was with regard to *substantive claims* of alleged banking law violations regarding the banking documents supporting Bacon's conviction for burglary, forgery and theft. The Court noted that some of the claims in Ground 2 may have been procedurally defaulted, but it denied all of the claims *on the merits* on *de novo* review. See #80, at 7-8. Only *substantive claims* were presented in the amended petition, including in Ground 2; and the Court denied *all* claims in the amended petition *on the merits*. #80, at 11 & 21.

Given that (a) no claims of ineffective assistance of either trial *or* appellate counsel were presented in the amended petition dismissed by the January 27, 2009, judgment, and (b) no such claims were dismissed

(continued...)

### *Motion for Leave to file a Judicial Notice*

The motion for leave to file a judicial notice will be denied. The motion is not a proper means to bring an allegedly relevant published decision to the attention of the Court.

### *Motions for Appointment of Counsel*

The motions for appointment of counsel also will be denied. At the very outset, even without fully chronicling all of petitioner's voluminous litigation history in federal and state court, the extended argument in petitioner's filings herein belies any contention that petitioner is unable to articulate his position without appointment of counsel or the provision of an inmate assistant of his choice. In all events, the interests of justice clearly do not require the appointment of counsel or the other relief sought. Petitioner presents yet another serial frivolous effort to reopen this long-closed matter. Appointment of counsel in this matter would be an improvident application of indigent legal resources and public funds. Nor do the legal authorities cited authorize an order from this Court overriding the state corrections department's procedures governing inmate assistance on the facts presented.

---

[1](...continued)
on the basis of procedural default, petitioner's reliance upon *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), is misplaced. Nothing in *Ha Van Nguyen* overrides the rule that petitioner must obtain permission from the Court of Appeals to challenge his conviction after the dismissal of the prior petition on the merits.

A federal habeas proceeding is not the "initial-review collateral proceeding" at issue in *Martinez*, and *Martinez* does not change the established rule that a petitioner has no constitutional right to appointment of counsel in a federal habeas proceeding. No motion for appointment of counsel was filed in this matter until May 14, 2013, more than four years after entry of judgment. Nothing in *Martinez* provides a viable basis for reopening a long-closed federal habeas action based upon the fact that the petitioner was proceeding *pro se*.

Additionally, as the Court has noted previously in this matter, Bacon's conclusory claim of actual innocence flies in the face of a trial record including ample evidence of petitioner's guilt on multiple counts of burglary, forgery and theft based upon his cashing checks drawn on the accounts of two elderly women. See #80, at 11-21.

The Court need not tarry over any such points, however, because the motion to reopen plainly constitutes a successive petition under controlling law that has been applied numerous times in this matter by this Court and the Court of Appeals in denying multiple repetitive requests for essentially the same relief.

The Court trusts that respondents' counsel in future will consider that the *Lopez* decision has no application to a Rule 60(b) motion where the prior dismissal not only was on the merits but further involved only substantive claims rather than claims of ineffective assistance of counsel. *Gonzalez* instead is the apposite case authority in the context presented in this case. *E.g, Jones,* 733 F.3d at 836.

### *Motions to Raise Prison Copy Credit Limit*

The voluminous filings herein further belie petitioner's assertions that he is unable to access the courts without having his copy credit limit raised. Out of an abundance of caution, however, the Court will direct a $10.00 increase in petitioner's credit limit, so as to eliminate any question as to whether petitioner can respond to the show-cause order herein.

### *Show Cause on Sanctions*

The repetitive frivolous filings herein present only a small sample of petitioner's extensive frivolous and vexatious litigation in federal and state court. *Inter alia*, this Court has held that petitioner has "struck out" under the three-strikes rule for meritless prisoner civil rights actions in 28 U.S.C. § 1915(g). See No. 2:11-cv-00406-RLH-PAL. Petitioner has pursued what the Supreme Court of Nevada chronicled and described in No. 54874 in that court as a "continuous stream of fillings [constituting] an abuse of judicial process" in the state courts. The state supreme court referred the matter to the corrections department to consider possible forfeiture of sentencing credits under N.R.S. 209.451. In this action, this Court previously has warned petitioner that his continued frivolous and vexatious litigation efforts in this regard may result in imposition of sanctions, including possibly, *inter alia*, forfeiture of sentence credits under N.R.S. 209.451. #108, at 2-3.

Petitioner has run out of warnings.

The Court puts completely to the side the fact that the current batch of motions to reopen are frivolous and that petitioner has sought Rule 60(b) relief herein under *Martinez* after the Court of Appeals denied his request to pursue a successive petition under that very same case.

The Court is directing petitioner to show cause why sanctions should not be imposed because petitioner filed multiple substantially repetitive motions and other papers (## 124, 126-133 & 137-141) after the pending motions that initially sought relief, with no good cause to do so. The only apparent purpose for repeatedly filing papers seeking substantially the same relief is to vex, harass, and abuse the judicial process, following an established history of doing so. Such filings violate, *inter alia*, the requirements of Rule 11(b)(1) of the Federal

Rules of Civil Procedure, which provides that a litigant's signature on a filing represents that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." It does not appear from petitioner's zero balance pauper application in this Court in No. 2:13-cv-00717-JCM-CWH that monetary sanctions would have any substantial effect. Petitioner accordingly must show cause in writing why sanctions should not be ordered, including: (a) a referral to correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451(1)(d)(1)[2] and/or the finding of institutional disciplinary major violation MJ48 under the state correctional administrative regulations;[3] and (b) a restriction against any further filings herein other than a notice of appeal from this order and/or the sanctions order.[4]

---

[2]N.R.S. 209.451(1)(d)(1) provides:

1. If an offender:

> (d)   In a civil action, in state or federal court, is found by the court to have presented a pleading, written motion or other document in writing to the court which:
>
> > (1)   Contains a claim or defense that is included for an improper purpose, including, without limitation, for the purpose of harassing the offender's opponent, causing unnecessary delay in the litigation or increasing the cost of the litigation;
>
> . . . .
>
> the offender forfeits all deductions of time earned by the offender before the commission of that offense or act, or forfeits such part of those deductions as the Director considers just.

[3]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

[4]The Court notes in this regard that a restricted filer designation herein would bar petitioner from seeking relief through what is a plainly improper procedural vehicle, after he repeatedly has been told that he has no remedy at this point other than an application to the Court of Appeals to pursue a successive petition. The Court has considerable patience. However, it does not have the resources to repeatedly address serial frivolous requests for Rule 60(b) relief by a vexatious litigant where the only possible remaining procedural remedy at this point, on any *arguendo* potentially viable ground, would be in the Court of Appeals.

1  IT THEREFORE IS ORDERED that all of petitioner's motions (## 121, 124, 129, 133, 140, and 141) to reopen this matter, including the vexatious repetitive motions, are DENIED.

IT FURTHER IS ORDERED that all of petitioner's motions (## 120, 126, 128 and 132) seeking appointment of counsel, including the vexatious repetitive motions, are DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#143) for leave to file a judicial notice is DENIED.[5]

IT FURTHER IS ORDERED that petitioner's first motion (#125) to raise his copy credit limit is GRANTED IN PART to the extent consistent with the remaining provisions herein.

IT FURTHER IS ORDERED that the Nevada Department of Corrections shall increase petitioner's copy credit limit by **ten dollars ($10.00)** for use for this case over and above any increase provided for by any other court order.

IT FURTHER IS ORDERED that petitioner's second motion (#130) to raise his copy credit limit is DENIED as repetitive and vexatious.

IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why, due to the circumstances outlined at pages 5-6 in this order, sanctions should not be ordered, including: (a) a referral to correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451 and/or the finding of institutional disciplinary major violation MJ48 under the state correctional administrative regulations; and (b) a restriction against any further filings herein other than a notice of appeal from this order and/or the sanctions order.

IT FURTHER IS ORDERED that, to the extent that a certificate of appealability is required in this context, a certificate of appealability is DENIED.

IT FURTHER IS ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith. Petitioner's frivolous effort to reopen this matter follows upon a denial by the Ninth Circuit of an application to file a second or successive petition in No. 11-80155 that was based upon the same case authority.

---

[5] The Court discusses the decision referenced in the motion *supra* at 3 n.1.

The Clerk shall prominently reflect in the entry for this order both (a) the denial of a certificate of appealability and (b) the certification that an appeal would not be in good faith.

The Clerk further shall SEND a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

DATED: March 31, 2014

_____
KENT J. DAWSON
United States District Judge