# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Petitioner*,

vs.

HOWARD SKOLINIK, *et al.,*

    *Respondents*.

2:07-cv-00821-KJD-RJJ

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's response (#146) to the Court's order (#145) that he show cause why sanctions should not be imposed after he filed multiple vexatious repetitive papers in this action.

The prior order – after first outlining all pending motions and filings then before the Court – was clear as to the basis for the imposition of sanctions:

> This long-closed habeas matter under 28 U.S.C. § 2254 comes before the Court on thirteen largely repetitive motions filed by the petitioner over an eight-month period. These thirteen motions include: (a) six motions (## 121, 124, 129, 133, 140, and 141) seeking to reopen the matter; (b) four motions (## 120, 126, 128 and 132) seeking appointment of counsel; (c) two motions (## 125 and 130) seeking an increase in petitioner's prison copy credit limit; and (d) one motion (#143) for leave to file a judicial notice regarding a Ninth Circuit decision. These filings docketed as motions are in addition to five further purported judicial notices, affidavits, or supplemental pleadings filed seeking the same relief that is sought in the repetitively filed motions. See ## 127, 131, 137, 138, and 139.
>
> . . . . .
>
> The repetitive frivolous filings herein present only a small sample of petitioner's extensive frivolous and vexatious litigation in federal and state court. *Inter alia*, this Court has held that

petitioner has "struck out" under the three-strikes rule for meritless prisoner civil rights actions in 28 U.S.C. § 1915(g). See No. 2:11-cv-00406-RLH-PAL. Petitioner has pursued what the Supreme Court of Nevada chronicled and described in No. 54874 in that court as a "continuous stream of filings [constituting] an abuse of judicial process" in the state courts. The state supreme court referred the matter to the corrections department to consider possible forfeiture of sentencing credits under N.R.S. 209.451. In this action, this Court previously has warned petitioner that his continued frivolous and vexatious litigation efforts in this regard may result in imposition of sanctions, including possibly, *inter alia*, forfeiture of sentence credits under N.R.S. 209.451. #108, at 2-3.

Petitioner has run out of warnings.

*The Court puts completely to the side the fact that the current batch of motions to reopen are frivolous and that petitioner has sought Rule 60(b) relief herein under Martinez after the Court of Appeals denied his request to pursue a successive petition under that very same case.*

The Court is directing petitioner to show cause why sanctions should not be imposed *because petitioner filed multiple substantially repetitive motions and other papers (## 124, 126-133 & 137-141) after the pending motions that initially sought relief, with no good cause to do so.* The only apparent purpose for repeatedly filing papers seeking substantially the same relief is to vex, harass, and abuse the judicial process, following an established history of doing so. Such filings violate, *inter alia*, the requirements of Rule 11(b)(1) of the Federal Rules of Civil Procedure, which provides that a litigant's signature on a filing represents that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." It does not appear from petitioner's zero balance pauper application in this Court in No. 2:13-cv-00717-JCM-CWH that monetary sanctions would have any substantial effect. Petitioner accordingly must show cause in writing why sanctions should not be ordered, including: (a) a referral to correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451(1)(d)(1)[3] and/or the finding of institutional disciplinary

---

[3]N.R.S. 209.451(1)(d)(1) provides:

1. If an offender:

    (d)    In a civil action, in state or federal court, is found by the court to have presented a pleading, written motion or other document in writing to the court which:

        (1)    Contains a claim or defense that is included for an improper

(continued...)

major violation MJ48 under the state correctional administrative regulations;[4] and (b) a restriction against any further filings herein other than a notice of appeal from this order and/or the sanctions order.[5]

#145, at 1 & 5-6 (emphasis added).

Petitioner urges in the response that he should not be sanctioned for seeking post-judgment relief under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

Petitioner is not being sanctioned for filing the frivolous Rule 60(b) motion. See #145, at 1-3 & n.1 (reasons for denial of the motion to reopen); see also ## 99, 106 and 108 (prior applications in this case of the holding in *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Instead, petitioner is being sanctioned for his multiple vexatious repetitive filings after the initial papers requesting that the case be reopened, that counsel be appointed, and that his prison copy credit limit be raised. The prior order was quite clear in this regard. The show-cause directive listed only the vexatious repetitive filings (## 124, 126-133 & 137-141), not any initial requests for post-judgment or other relief, as the basis for *all* sanctions. All of

---

[3](...continued)
purpose, including, without limitation, for the purpose of harassing the offender's opponent, causing unnecessary delay in the litigation or increasing the cost of the litigation;

. . . .

the offender forfeits all deductions of time earned by the offender before the commission of that offense or act, or forfeits such part of those deductions as the Director considers just.

[4]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

[5]The Court notes in this regard that a restricted filer designation herein would bar petitioner from seeking relief through what is a plainly improper procedural vehicle, after he repeatedly has been told that he has no remedy at this point other than an application to the Court of Appeals to pursue a successive petition. The Court has considerable patience. However, it does not have the resources to repeatedly address serial frivolous requests for Rule 60(b) relief by a vexatious litigant where the only possible remaining procedural remedy at this point, on any *arguendo* potentially viable ground, would be in the Court of Appeals.

the sanctions -- including the restriction on further filings – are premised upon the vexatious repetitive filings.  The discussion of Rule 60(b) relief in note 5 of the prior order emphasizes that petitioner is not being foreclosed thereby from pursuing the only potentially available procedural remedy at this point.

While the Court is reluctant to impose sanctions against an indigent inmate seeking relief in proper person, petitioner's continued vexatious litigation activity after previously being warned brings the Court to this point.  The Court finds that the sanctions ordered are warranted in an effort to ensure that the administration of justice for other litigants before the Court, including other inmates seeking timely federal judicial relief, is not hindered and delayed due to such vexatious litigation activity. The Court has considered the prospect of lesser sanctions, and it does not find that lesser sanctions would be effective given: (a) the lack of efficacy of a financial-based sanction given that petitioner essentially is judgment-proof in that regard; and (b) petitioner's continued disregard of prior warnings in state and federal court regarding his serial vexatious litigation activity.  The Court notes the prejudice sustained both by respondents and by the public generally from vexatious litigation activity, which unnecessarily ties up limited judicial and other resources.

IT THEREFORE IS ORDERED that, within **twenty-one (21) days** of entry of this order, respondents' counsel shall file a notice in the record that a referral has been made to correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451(1)(d)(1) and/or the finding of institutional disciplinary major violation MJ48 under the state correctional administrative regulations.

IT FURTHER IS ORDERED that petitioner shall be designated as a Restricted Filer on the docket sheet for this action and that the Clerk shall accept no further filings in this matter from petitioner other than a notice of appeal from the Court's March 31, 2014, order (#145) and/or this sanctions order.

DATED: April 15, 2014

_____
KENT J. DAWSON
United States District Judge